## STATE OF FLORIDA v. SANDSTROM

Case No. 79-2021

Seventeenth Judicial Circuit, Broward County

March 21, 1985

### APPEARANCES OF COUNSEL

**Paul Zacks,** Assistant State Attorney, for plaintiff.

**Ray Sandstrom** for defendant.

### OPINION OF THE COURT

ARTHUR J. FRANZA, Circuit Judge.

This cause, having come to be heard upon a rule to show cause, filed by the Seventeenth Judicial Circuit in and for the State of Florida, by and through the State Attorney's Office, and after taking testimony and hearing oral arguments, the court finds as follows:

This cause has traversed the judicial branches of both the Florida

State Courts and the Federal Courts of these United States. This cause has been returned to the State Court by the Federal Court on a constitutional due process issue.

This court is not unnmindful of the decision by the Fourth District Court of Appeals, nor of the United States District Court. However, in both tribunals, the case was there solely on the cold record. This court had the exposure of the vocal participants explaining that cold record in rather heated tones.

You cannot hurl epithets, ridicule and humiliate an advocate in front of a jury and his grandson and not expect kind in return. We all have some pride, we all have backbone, some more than most, and others to the point where the bone penetrates the skull. The scene as I heard it may have had the trappings of a courtroom but the description defies it.

Judges are not infallible. There has been too much said about power and its abuse by better minds than mine for me to repeat it.

You cannot start a proceeding calling a lawyer a "little creep", even though perhaps analytically appropriate or biologically correct. Nor can you call someone an animal, even though you see the red fangs dripping, and expect a cavalier return of an Eton gentleman.

The robe carries vast power and authority but with that it must carry concomitant reason and restraint. A presiding judge cannot get into the pit, he must set the stage and when things go awry he must sophisticate, and ease her back into the wind so that the orderly administration of justice sails a smooth course.

A lawyer owes a duty as an officer of the court to act according to the code of ethics.

A cauldron of heat, fire, rage, anger, resentment, frustration and hate permeated the courtroom. As both said, "this was a sick trial." They became involved in a continuing brawl, where decorum and mutual respect were devoid and without any semblance of decency.

Justice should be dispatched and detached. Under this set of facts and the prior conduct that preceded their entry into this courtroom in 1979, neither should have been there at the same time. The Judge should have recused himself, or the attorney should have asked for the Judge to disqualify himself. They finally did but it was much too late.

It does not serve the bench or the bar to further this agony of emotion. We should put it behind us, end it and proceed with better things to do on a higher ground. Apparently the Florida Bar and the

Wyoming Bar did not feel the conduct on behalf of the accused was sufficient to take action.

There was a temporary leave of absence from reason and, although the conduct of the accused was not justified, if they were both wrong, punishment by one to the other only because of the power to punish is equally wrong.

In a different atmosphere, Sandstrom's conduct was clearly contemptuous and should be severely punished. The court, because it is the court, should have made its demands clearer, more specific, outside of the presence of the jury and in a calm arena, then do what it had to do to maintain order and deter legal anarchy. This was not done. This only real time a man takes a giant step backwards is in the exercise of consummate hate.

I am calling this cause a draw even though both combatants lost, as did the judicial system. Neither one knew how to fight fairly under the conditions they imposed on each other.

It is wrenching to deny one's brother, but we as Judges cannot be our brother's keeper.

The evidence did not prove beyond a reasonable doubt the vague allegations set forth in the rule to show cause.

Accordingly, this case is dismissed with prejudice.